**Ronnie D. LISTER, Petitioner–Appellant,**

v.

**Justin JONES, Respondents–Appellee.**

**Nos. 09–6150, 09–6164.**

United States Court of Appeals, Tenth Circuit.

Dec. 16, 2009.

Ronnie D. Lister, Lawton, OK, pro se.

Theodore M. Peeper, Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondents–Appellee.

Before LUCERO, MCKAY, and MURPHY, Circuit Judges.

### ORDER*

MONROE G. McKAY, Circuit Judge.

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to appeal the denial of his 28 U.S.C. § 2254 habeas petition.[1] Petitioner was sentenced to serve thirty years in state prison and one year in county jail, running concurrently, following

his convictions for assault and battery with a dangerous weapon and domestic abuse. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions on direct appeal. In his § 2254 petition, Petitioner raised the same issues he raised in his direct appeal; namely, that (1) there was insufficient evidence to sustain his conviction for assault with a dangerous weapon, (2) defective jury instructions and a confusing verdict form violated his due process rights, (3) his defense was prejudiced by the trial court's failure to renumber the counts following the dismissal of count two, and his defense counsel was ineffective in failing to object to the numbering, (4) his trial counsel was ineffective in asking Petitioner on direct examination about a prior conviction that was allegedly unavailable for impeachment purposes, and (5) various trial errors taken together with defective representation merited a reduction in his sentence.

The case was referred to a magistrate judge, who issued a report and recommendation stating Petitioner's petition for habeas corpus should be denied. Specifically, the magistrate judge found, under the appropriate standard of review, there was sufficient evidence to support Petitioner's conviction, the jury instructions and forms did not violate constitutional due process requirements, and Petitioner failed "to show the trial court's failure to renumber the counts on the verdict forms violated his federal constitutional rights," (Doc. 21 at 15). Additionally, the magistrate judge found that Petitioner's claims of ineffective assistance of counsel failed to meet the *Strickland* standard. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct.

1. Petitioner filed notices of appeal both from the district court's final order on the merits and from that court's order denying a certificate of appealability. We have consolidated both appeals for procedural purposes.

2052, 80 L.Ed.2d 674 (1984). Finally, the magistrate judge recommended dismissal of Petitioner's claim for cumulative error because there were no actual errors that would merit habeas relief. *See Le v. Mullin,* 311 F.3d 1002, 1023 (10th Cir.2002). After considering Petitioner's timely-filed objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case. Petitioner now seeks to challenge the district court's dismissal of his claims.

After reviewing Petitioner's filings, the magistrate judge's report and recommendation, the district court's order, and the record, we conclude that reasonable jurists would not debate whether "the petition should have been resolved in a different manner." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Therefore, for substantially the reasons set forth in the magistrate judge's thorough and well-reasoned recommendation, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeals.